**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | | |
|---|---|---|
| TROY BELL, | : | |
| | : | **CIV. NO. 19-19908 (RMB-KMW)** |
| Plaintiff | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| UNITED STATES DISTRICT JUDGE | : | |
| ESTHER SALAS AND FEDERAL | : | |
| PUBLIC DEFENDER KEVEN F. | : | |
| CARLUCCI, | : | |
| | : | |
| Defendants | : | |

**BUMB**, DISTRICT JUDGE

Pro Se Plaintiff Troy Bell was incarcerated in Hudson County Correctional Center in Kearny, New Jersey when he filed a civil rights complaint on November 4, 2019. (Compl., ECF No. 1.) Plaintiff did not pay the $350 filing fee and $50 administrative fee for a civil action[1] but requested, by letter, to proceed *in forma pauperis*. ("IFP.") 28 U.S.C. § 1915(a) provides, in relevant part,

> (a)(1) Subject to subsection (b), any court of the United States may authorize the commencement … of any suit … without prepayment of fees … by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees …. Such affidavit shall state the nature of the action, defense

---

[1] See 28 U.S.C. § 1914(a); U.S.D.C., District of New Jersey Local Civil Rules, Appendix K.

or appeal and affiant's belief that the person is entitled to redress.

(2) A prisoner seeking to bring a civil action … without prepayment of fees … in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

The Court will administratively terminate this action.[2] Plaintiff may reopen this action if he timely submits a properly completed IFP application or pays $400.00 for the filing and administrative fees. Plaintiff should be aware that, even if granted IFP status, he must pay the $350.00 filing fee in installments, if available in his prison trust account, regardless of whether the complaint is dismissed, see U.S.C. § 1915(b)(1).

---

[2] U.S.D.C. District of New Jersey Local Civil Rule 54.3(a) provides:

> Except as otherwise directed by the Court, the Clerk shall not be required to enter any suit, file any paper, issue any process or render any other service for which a fee is prescribed by statute or by the Judicial Conference of the United States, nor shall the Marshal be required to serve the same or perform any service, unless the fee therefor is paid in advance. The Clerk shall receive any such papers in accordance with L.Civ.R. 5.1(f).

For the reasons discussed below, the Court would dismiss the complaint upon screening.

I.   *Sua Sponte* Dismissal

When a prisoner is permitted to proceed without prepayment of the filing fee or when the prisoner pays the filing fee for a civil action and seeks redress from a governmental entity, officer or employee of a governmental entity, 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) require courts to review the complaint and *sua sponte* dismiss any claims that are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.[3]

Courts must liberally construe pleadings that are filed *pro se*. <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (quoting <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976)). Thus, "a *pro se* complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" <u>Id.</u> (internal quotation marks omitted). "Court personnel reviewing *pro se* pleadings are charged with the responsibility of deciphering

---

[3] Conclusive screening is reserved until the filing fee is paid or IFP status is granted. <u>See</u> <u>Izquierdo v. New Jersey</u>, 532 F. App'x 71, 73 (3d Cir. 2013) (district court should address IFP application prior to conclusive screening of complaint under 28 U.S.C. § 1915(e)(2)).

why the submission was filed, what the litigant is seeking, and what claims she may be making." See Higgs v. Atty. Gen. of the U.S., 655 F.3d 333, 339-40 (3d Cir. 2011) (quoting Jonathan D. Rosenbloom, Exploring Methods to Improve Management and Fairness in Pro Se Cases: A Study of the Pro Se Docket in the Southern District of New York, 30 Fordham Urb. L.J. 305, 308 (2002)).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.) Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id.

Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If

4

a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

II. DISCUSSION

    A. The Complaint

Plaintiff alleges the following facts in his complaint. Plaintiff believes the Honorable Esther Salas and the Federal Public Defender are conspiring to leave him in federal prison without just cause. (Compl., ECF No. 1 at 1.) After Plaintiff declined a plea offer, in May 2019, Judge Salas ordered him to undergo a psychological evaluation. (Id. at 2.) Plaintiff's lawyer told him to undergo the psychological evaluation and did not defend him at the mental health evaluation hearing. (Id.)

On July 16, 2019, Plaintiff had to write Judge Salas to explain that labeling him as incompetent violated his Sixth Amendment right to a trial by jury. (Id. at 3.) Further, Plaintiff contends the Federal Public Defender's Office is made up of government employees, which is a conflict of interest in his defense. (Id.) Plaintiff does not have a court date, and claims he is being held illegally. (Id. at 4.)

The Court takes judicial notice of the docket in United States v. Bell, Criminal Action No. 19-105, District of New Jersey. See

Fed. R. Evid. 201; Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group, Ltd., 181 F.3d 410, 426-27 (3d Cir. 1999) (to resolve a 12(b)(6) motion, a court may properly look at public records, including judicial proceedings, in addition to the allegations in the complaint) (citations omitted)). Plaintiff was arrested and brought before United States Magistrate Judge James B. Clark on February 1, 2010, for an initial appearance. (Minute Entry, ECF No. 3.) Plaintiff was denied bail and Assistant Federal Defender Kevin F. Carlucci was appointed to represent Plaintiff. (Orders, ECF No. 4, 5.) On February 11, 2019, Plaintiff was indicted for escape and attempt to escape from Toler House Residential Reentry Center, where he was detained by virtue of a judgment and commitment of the United States District Court, District of New Jersey, upon conviction of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). (Indictment, ECF No. 6.)

On May 14, 2019, the Honorable Esther Salas, presiding over Criminal Action No. 19-105, ordered that Plaintiff undergo a psychological examination pursuant to 18 U.S.C. § 4247(b), for the purpose of determining whether he was competent to stand trial. (Order, ECF No. 16.) On July 16, 2019, the Honorable Esther Salas found Plaintiff not competent to stand trial and ordered him to

Fed. R. Evid. 201; Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group, Ltd., 181 F.3d 410, 426-27 (3d Cir. 1999) (to resolve a 12(b)(6) motion, a court may properly look at public records, including judicial proceedings, in addition to the allegations in the complaint) (citations omitted)). Plaintiff was arrested and brought before United States Magistrate Judge James B. Clark on February 1, 2010, for an initial appearance. (Minute Entry, ECF No. 3.) Plaintiff was denied bail and Assistant Federal Defender Kevin F. Carlucci was appointed to represent Plaintiff. (Orders, ECF No. 4, 5.) On February 11, 2019, Plaintiff was indicted for escape and attempt to escape from Toler House Residential Reentry Center, where he was detained by virtue of a judgment and commitment of the United States District Court, District of New Jersey, upon conviction of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). (Indictment, ECF No. 6.)

On May 14, 2019, the Honorable Esther Salas, presiding over Criminal Action No. 19-105, ordered that Plaintiff undergo a psychological examination pursuant to 18 U.S.C. § 4247(b), for the purpose of determining whether he was competent to stand trial. (Order, ECF No. 16.) On July 16, 2019, the Honorable Esther Salas found Plaintiff not competent to stand trial and ordered him to

participate in restoration of competency treatment. (Minute Entry, ECF No. 19.)

On December 5, 2019, Plaintiff appealed to the Third Circuit Court of Appeals. (Notice of Appeal, ECF No. 27.) On December 18, 2019, the Honorable Esther Salas ordered Plaintiff committed to the custody of the Attorney General, for an initial period not exceeding four months, for treatment in a suitable facility. (Order, ECF No. 30.)

B. Bivens Claims

In 1871, Congress passed a statute, later codified at 42 U.S.C. § 1983, that allowed an injured person to bring a claim for money damages if a state official violated his or her constitutional rights. Ziglar v. Abbasi, 137 S. Ct. 1843, 1854 (2017). Congress never created an analogous statute for such claims against federal officials. Id. Under certain circumstances, courts will find an implied cause of action to bring such a suit against a federal actor. Id.

Assuming without deciding that the Court would find an implied cause of action under the Constitution under which Plaintiff could bring his claims, the Court will consider whether Plaintiff's allegations state a claim for relief under the analogous § 1983 jurisprudence. See Iqbal, 556 U.S. at 675-76 ("In the limited settings where *Bivens* does apply, the implied cause of action is

the 'federal analog to suits brought against state officials under Rev. Stat. § 1979, 42 U.S.C. § 1983'" (quoting Hartman v. Moore, 547 U.S. at 254, n. 2.))

The doctrine of judicial immunity protects judges from suit in all instances except: (1) where the judge's actions are not taken in her judicial capacity; or (2) where the judge's actions, although judicial in nature, are taken in complete absence of all jurisdiction. Mireles v. Waco, 502 U.S. 9, 11-12 (1991). Judge Salas acted within her judicial capacity in ordering a competency hearing, finding Plaintiff incompetent to stand trial, ordering him to participate in restoration of competency treatment, and committing him to the custody of the Attorney General to hospitalize him for treatment to restore competency so that he may stand trial. See 18 U.S.C. § 4241 *et seq.* Judge Salas is protected by absolute judicial immunity from Plaintiff's Bivens claim.

As for Plaintiff's claim against Assistant Federal Defender Kevin F. Carlucci, a federal public defender does not act under color of law when serving as a defender in a criminal trial, and acting under color of law is a threshold requirement for a Bivens claim. Folk v. Prime Care Medical, 741 F. App'x 47, 51 (3d Cir. 2018) (citing Polk v. Dodson, 454 U.S. 312, 324 (1981)).

The Court notes that Plaintiff has properly sought relief from confinement by appealing the District Court order in his

8

criminal case. If Plaintiff pays the filing fee or is granted IFP status in this civil action for damages, the Court will dismiss the complaint with prejudice for the reasons discussed above.

III. CONCLUSION

For the reasons stated above, the Court will administratively terminate this action. An appropriate Order follows.

DATE: February 6, 2020

                                      s/Renée Marie Bumb
                                      **RENÉE MARIE BUMB**
                                      **United States District Judge**